### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

PROGRESS RESIDENTIAL BORROWER 19, LLC,

    Plaintiff,

                v.

EVERLENA RASHEEDA BRUMMAGE; DYLIYAH SHUPIER WHITE; *and all other occupants*,

    Defendants.

Civil Action No.
1:26-cv-01870-SDG

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendants' petition to vacate and set aside an alleged wrongful eviction action.[1] They removed to this Court from the Magistrate Court of Cobb County, Georgia, asserting 28 U.S.C. §§ 1331, 1332, 1343, and 1357 as grounds for the Court's jurisdiction.[2] The dispossessory action against Defendants was initiated because of their apparent failure to pay rent.[3]

Removal based on federal question jurisdiction is appropriate where a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Lindley v. FDIC*, 733 F.3d 1043, 1050 (11th Cir. 2013) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). When a complaint alleges only state-law

---

[1]    ECF 3.

[2]    *Id.* at 2.

[3]    *Id.* at 2, ¶ 3; ECF 3-1.

claims, there is no jurisdiction "arising under" federal law. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). The dispossessory action here is solely based on state law. Defendants assert that Plaintiff has violated the Fair Debt Collection Practices Act (15 U.S.C. § 1562) and the Due Process Clause of the Fourteenth Amendment, but provide no details about how an allegedly illegal eviction offends either provision or how such violations are evident from the face of the dispossessory complaint. Unsupported conclusions do not support removal based on federal-question jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 (2002) (noting that federal defenses and counterclaims do not establish "arising under" jurisdiction). Similarly, removal is not supported by § 1343, which is a subset of § 1331 jurisdiction, because Defendants have not alleged that they cannot enforce their federal rights in the state court. Nor is there jurisdiction under § 1357 because the underlying complaint does not involve an attempt by Defendants to recover for injuries resulting from attempts to collect revenues or to exercise the right to vote.

Finally, Defendants have not established diversity jurisdiction. The amount in controversy (*i.e.*, the arrearage of $12,189) is well below the necessary jurisdictional threshold and Defendants appear to be citizens of the State of Georgia in any event. 28 U.S.C. §§ 1332(a), 1441(b)(2). So, removal was not proper on this basis.

2

Since the Court lacks subject matter jurisdiction, the Clerk is **DIRECTED** to remand this case to the Cobb County Magistrate Court and to **CLOSE** this case.

**SO ORDERED** this 10th day of April, 2026.

                                     Steven D. Grimberg
United States District Judge